This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37626**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ROBERT D. COX,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Mary L. Marlowe, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
William A. O'Connell, Assistant Public Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Defendant appeals from his convictions for aggravated battery with a deadly weapon and resisting, evading, or obstructing an officer. This Court's notice of proposed disposition proposed summary affirmance. Defendant filed a memorandum in opposition to the proposed disposition. Not persuaded by Defendant's arguments, we now affirm.

**{2}** Defendant continues to argue that he was deprived of a fair trial when the district court refused to allow him to call a witness to establish that a testifying police officer had displayed a faulty, incomplete memory of her investigation into the aftermath of the

incident. [MIO 1] Specifically, he asserts the fact that the officer's memory of who she spoke with at the scene was faulty or incomplete—as demonstrated by her inability to point out the witness when asked if she recognized anyone from the scene sitting in the courtroom gallery—was a crucial fact that was withheld from the jury. [MIO 4] Although the officer's failure to recognize the witness may call into question her recollection of the witness's physical appearance, we are not persuaded it demonstrates that the officer's memory of the actual events was faulty or incomplete. Importantly, the physical identity of the particular witness was not at issue and for that reason, the officer's inability to point out the witness in the courtroom was not relevant. We conclude there was no abuse of discretion in denying Defendant's request to call the witness, and even assuming there was error, based on the strong evidence of guilt, there was no prejudice to Defendant. *See State v. Jett*, 1991-NMSC-011, ¶ 8, 111 N.M. 309, 805 P.2d 78 ("An evidentiary ruling within the discretion of the court will constitute reversible error only upon a showing of an abuse of discretion and a demonstration that the error was prejudicial rather than harmless." (citation omitted)); *see also State v. Dominguez*, 2007-NMSC-060, ¶ 13, 142 N.M. 811, 171 P.3d 750 ("As we have stated, judicial error by itself is not necessarily grounds for reversal in the absence of actual prejudice[.]").

{3}     Defendant also continues to challenge the sufficiency of the evidence to support his convictions, arguing that the crime lab examined the brass knuckles the police recovered from him and found only an untestable, small amount of DNA. [MIO 7] He contends that the fact the lab was able to perform a test of such precision, yet was unable to find any evidence that the brass knuckles caused the victim's injuries establishes more than a reasonable doubt that Defendant, or anyone else, struck the victim with the brass knuckles. [Id.] While the lab detected human DNA in an insufficient amount for testing, there was other evidence of guilt. Defendant testified that he struck the victim during the fight; although Defendant testified that he did not use the brass knuckles and that they merely fell from his pocket during the fight, the jury was free to disregard his testimony. [MIO 2] *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

{4}     For these reasons and those stated in the notice of proposed disposition, we affirm.

{5}     **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JENNIFER L. ATTREP, Judge**